UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD KINNAMON, | ) 1:13cv00109 DLB PC |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | ) THIRTY-DAY DEADLINE |
| CDC, et al., | ) |
| Defendants. | ) |

Plaintiff Todd Kinnamon, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on January 24, 2013. The Court dismissed the complaint with leave to amend on September 6, 2013. On September 26, 2013, Plaintiff filed a First Amended Complaint ("FAC"). He names California State Prison, Corcoran ("CSP") Warden Susan Hubbard, Chief Medical Officer Jeffrey Wang, R.N. Soto and Teresa Macias as Defendants.[1]

A.   **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] On March 20, 2013, Plaintiff consented to the jurisdiction of the United States Magistrate Judge for all purposes.

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the Richard J. Donovan Correctional Facility in San Diego, California. The events at issue occurred while Plaintiff was housed at CSP.

Plaintiff alleges that on April 9, 2012, he had surgery on his left knee. Plaintiff was thereafter dependent on a walker and used serious pain medication.

On April 21, 2012, Plaintiff was directed to the pill line, which is outside. The pathway that Plaintiff was directed to walk on is a dirt path with rocks and potholes. Plaintiff stated that this pathway was not safe because he was using a walker. The correctional officer told Plaintiff that there was no other way to get to the pill line.

As Plaintiff continued walking, the wheel on the right side of his walker got caught in a pothole, causing Plaintiff to fall down on his left knee. This caused pain in his knee and back. Plaintiff was placed in a wheelchair and rushed to the yard clinic. He was then sent to the Acute Care division of the prison hospital, where Defendant Soto determined that his knee was okay. She sent him back to his cell without checking on the stitches from his April 9 surgery. Defendant Soto rescheduled Plaintiff to see the yard doctor.

Seven days passed before Plaintiff noticed that his left knee and leg were swollen, and that the bandage, that was not changed, had caused an infection. Plaintiff went to the yard clinic and the acting LVN sent him to the prison hospital. Plaintiff was given an IV and admitted.

After seven days in the hospital, Dr. Aye recommended that Plaintiff use a wheelchair due to the severity of the new injury. The surgeon told Plaintiff that his left knee cannot be fixed and that the only alternative is a knee replacement.

Plaintiff contends that Defendant Hubbard knew "full well" of the conditions on the yard and showed a callous disregard for not creating a smooth, paved walkway for prisoners to access the pill line. Plaintiff alleges that had Defendant Hubbard paved the walkway and used "common sense," he would not have fallen. FAC 6.

## C.     ANALYSIS

### 1.     Defendants Wang and Macias

As explained above, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

"Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the .... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

In the first screening order, the Court explained that Plaintiff failed to link any Defendants to any alleged violations. In amending, Plaintiff has again failed to state facts against two of the four Defendants. Although Plaintiff names Defendants Macias and Wang as Defendants, he does not include any factual allegations against them. He does not state that they were involved in his medical treatment, nor does he explain how they were implicated in the alleged denial of his constitutional rights. Plaintiff attaches a few pages of exhibits, including inmate appeals and a medical report from November 2012. However, the exhibits do not appear to reference either Defendant Wang or Defendant Macias. In any event, even if these Defendants were referenced in the exhibits, the Court will attempt to guess as to what allegations Plaintiff intended to include against them.

Accordingly, Plaintiff fails to state a claim against either Defendant Wang or Defendant Macias.

2.     Eighth Amendment Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Here, Plaintiff alleges that Defendant Hubbard was "negligent" due to a callous disregard for Plaintiff's safety. Plaintiff believes that Defendant Hubbard knew of the conditions and failed to remedy them. Other than his conclusory statement, however, he provides no facts to demonstrate that Defendant Hubbard was aware of a substantial risk to Plaintiff's health or

safety. Nor is it likely that a path, with rocks and potholes, would create a "substantial risk" to Plaintiff's health or safety.

Accordingly, Plaintiff fails to state a claim against Defendant Hubbard.

3.  <u>Eighth Amendment Deliberate Indifference</u>

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (citing <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. <u>Snow v. McDaniel</u>, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); <u>Wilhelm</u>, 680 F.3d at 1122.

Plaintiff alleges that he saw Defendant Soto after he fell, but that she did not check on his stitches. Defendant Soto scheduled Plaintiff to see a yard doctor, but after seven days, Plaintiff noticed that his knee was swollen and infected. These facts, however, are insufficient to demonstrate that Defendant Soto acted with deliberate indifference. Plaintiff states that Defendant Soto determined that his knee was okay and sent him back to his cell without looking at his stitches, but he fails to allege that she *knew of*, and disregarded, a substantial risk to Plaintiff's health or safety. <u>Farmer</u>, 511 U.S. at 837.

The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. <u>Snow</u>, 681 F.3d at 985 (citation and quotation marks omitted); <u>Wilhelm</u>, 680 F.3d at 1122. Even assuming that Defendant Soto erred, an Eighth Amendment

claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

For these reasons, Plaintiff has failed to state a claim against Defendant Soto.

### D. **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim under section 1983. The Court will provide Plaintiff with a **final opportunity** to file an amended complaint, if he believes in good faith he can cure the deficiency identified above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Further, Plaintiff is notified that his amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

    4.    <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.</u>

IT IS SO ORDERED.

Dated:   **March 5, 2014**                    /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE