# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TODD KINNAMON, | ) | 1:13cv00109 DLB PC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING SECOND |
| | ) | AMENDED COMPLAINT WITHOUT |
| vs. | ) | LEAVE TO AMEND |
| | ) | |
| HUBBARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Todd Kinnamon, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on January 24, 2013. The Court dismissed the complaint with leave to amend on September 6, 2013. On September 26, 2013, Plaintiff filed a First Amended Complaint ("FAC"). His FAC was dismissed on March 6, 2014, with leave to amend. On March 26, 2014, Plaintiff filed his Second Amended Complaint ("SAC"). He names California State Prison, Corcoran ("CSP") Warden Susan Hubbard and R.N. Soto as Defendants.[1]

## A.    LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

---

[1] On March 20, 2013, Plaintiff consented to the jurisdiction of the United States Magistrate Judge for all purposes.

1

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.**   **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the Richard J. Donovan Correctional Facility in San Diego, California.  The events at issue occurred while Plaintiff was housed at CSP.

Plaintiff alleges that on April 9, 2012, he had surgery on his left knee.  Plaintiff was thereafter dependent on a walker and used serious pain medication.

On April 21, 2012, Plaintiff was directed to walk on a dirt path "consisting of rocks and potholes" with his walker.  ECF No. 13, at 4.  Plaintiff said that the path was not safe to walk on. However, staff directing the line said that the path was the only way to the pill line.

Plaintiff continued walking, but the right side of his walker got caught in one of the potholes and he fell onto his left knee, which was bandaged from surgery.  Plaintiff also injured his back.  He was placed into a wheelchair and rushed to the yard clinic, then to the acute care division of the prison hospital.

Defendant Soto determined that Plaintiff's knee was okay and she sent him back to his cell without checking on the stitches from his surgery.  Plaintiff was rescheduled to see the yard doctor.

Seven days passed "without dressing" and Plaintiff noticed that his left knee was badly infected.  He went to the medical clinic on the yard and the acting LVN sent him back to the hospital.  The doctor pulled the bandage off and said, "What happened?  Why is the stitch area infected?"  ECF No. 13, at 5.  Plaintiff told the doctor what happened.  The doctor inserted an IV line and admitted Plaintiff to the hospital.

After seven days in the hospital, the doctor and physical therapist recommended that Plaintiff be placed in a wheelchair due to the severity of the new injury.  They also recommended that the doctor who performed the surgery be contacted.

Plaintiff states that his knee cannot be fixed, and that the only alternative is a knee replacement "as a result of the fall and the lacking of care to the knee after the surgery."  ECF No. 13, at 5.  Plaintiff contends that as of the date of his SAC, he is still suffering pain from the incident.

Plaintiff contends that Defendant Hubbard violated his Eighth Amendment right to personal safety because she was aware of the unsafe pathway before Plaintiff fell.  He alleges

that she could have ordered staff to bring pills to the yard building to prevent this, but chose not to.

Plaintiff also contends that Defendant Soto acted with deliberate indifference when she "acted in negligence as to improper care of Plaintiff's knee." ECF No. 13, at 6. He alleges that she was aware of his severe injury and chose not to dress his knee according to protocol.

**C.   ANALYSIS**

   1.   Eighth Amendment Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels,

554 F.3d 807, 812-14 (9th Cir. 2009); <u>Morgan</u>, 465 F.3d at 1045; <u>Johnson</u>, 217 F.3d at 731;

<u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff alleges that Defendant Hubbard violated his Eighth Amendment rights because she knew about the path at issue, but chose not to deliver pills to inmates.  Plaintiff's claim is wholly speculative and lacks any supporting factual detail.  Moreover, even assuming that she knew of the path, her failure to remedy it does not necessarily rise to an Eighth Amendment violation.

The Court explained this to Plaintiff in the prior screening order, but he has failed to correct the deficiency.  Accordingly, Plaintiff fails to state a claim against Defendant Hubbard.

2.    <u>Eighth Amendment Deliberate Indifference</u>

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (citing <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  <u>Snow v. McDaniel</u>, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); <u>Wilhelm</u>, 680 F.3d at 1122.

Plaintiff alleges that he saw Defendant Soto after he fell, but that she did not check on his stitches.  Plaintiff was scheduled to see a yard doctor, but after seven days, Plaintiff noticed that his left knee was infected.  These facts, however, are insufficient to demonstrate that Defendant Soto acted with deliberate indifference.  Plaintiff states that Defendant Soto determined that his knee was okay and sent him back to his cell without looking at his stitches, but he fails to allege

that she knew of, and disregarded, a substantial risk to Plaintiff's health or safety.  Farmer, 511 U.S. at 837.

The Court explained this to Plaintiff in the prior screening order.  Plaintiff attempts to correct the deficiency by alleging that Defendant Soto acted with deliberate indifference when she "acted in negligence as to improper care of Plaintiff's knee."  ECF No. 13, at 6.  He alleges that she was aware of his severe injury and chose not to dress his knee according to protocol.

Plaintiff's additional allegations, however, are insufficient to demonstrate that Defendant Soto acted with deliberate indifference.  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.  Even assuming that Defendant Soto erred, an Eighth Amendment claim may not be premised on even gross negligence by a physician.  Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Moreover, Plaintiff's statement that she knew of his injury and chose not to provide treatment is not supported by any facts.

Plaintiff's allegations against Defendant Soto do not rise to the level of an Eighth Amendment violation.  Plaintiff therefore fails to state a claim against her.

## D.   CONCLUSION AND ORDER

Plaintiff's SAC fails to state a claim under section 1983.  Plaintiff has now been given two opportunities to correct these deficiencies, but has failed to do so.  In the Court's last screening order, the Court stated that this would be his final opportunity to amend.  Accordingly, because Plaintiff has had two opportunities to correct his claims and he has not provided any additional factual allegations, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, Plaintiff's SAC is DISMISSED WITHOUT LEAVE TO AMEND.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **September 17, 2014**          /s/ *Dennis L. Beck*

UNITED STATES MAGISTRATE JUDGE